DELANO v. MALCOLMSON-HOUGHTEN CO.

1. LANDLORD AND TENANT—TERM—NOTICE—TENDER.
     Where defendant occupied land of the complainant for five
     years under leases for that term, and the latter declined
     to renew the tenancy but served notice of its intention
     to take possession, and where defendant tendered rent
     for a quarter of the ensuing year, which tender was, with-
     out authorization, accepted by a clerk, notice of his act
     not appearing to have been received by the railroad or
     its receivers until the quarter had nearly expired, the
     lessee acquired no right of occupancy beyond the term
     of its lease and no notice of expiration was required to
     entitle the lessor to possession.

2. SAME—RECEIVERS—SUMMARY PROCEEDINGS.
     Receivers of such railroad appointed by the Federal court
     were properly held by the trial court to be entitled to
     maintain summary proceedings for the possession of the
     premises leased, without any showing that the receivers
     deemed the proceeding necessary.

Error to Wayne; Van Zile, J. Submitted June 22,
1914. (Docket No. 65.) Decided October 3, 1914.

Summary proceedings by Frederick A. Delano and
others, as receivers of the Wabash Railroad Company,
against the Malcolmson-Houghten Co. for the posses-
sion of premises occupied by defendant. From a
judgment of ouster defendant appealed to the circuit
court. Judgment for complainants. Defendant
brings error. Affirmed.

*Walker & Spalding*, for appellant.

*Campbell, Bulkley & Ledyard* and *Rufus G. Lath-
rop* (*Harry C. Bulkley*, of counsel), for appellees.

Under two leases, the terms created by which
began, respectively, July 22 and August 27, 1908, and

expired in five years, defendant occupied premises as tenant of the Wabash Railroad Company. Each of the terms was determinable by the lessor at any time, it being further provided that within 30 days after notice of determination the lessee should remove its buildings from the premises and surrender possession. Plaintiffs were appointed receivers of the railroad company December 18, 1911. A notice, signed "Wabash Railroad Company, W. S. Danes, Engineer Maintenance of Way," dated August 15, 1913, was sent to and received by the lessee, containing, among other things:

"You are hereby notified and required to remove the said coal sheds and all your belongings from the grounds of this, the Wabash Railroad Company, within thirty days of the date of this notice, it being the intention of this company to terminate your tenancy thereon. This notice dated as on August 16, 1913, with thirty days duration."

The notice was served on the lessee August 20, 1913, at which time, it will be perceived, one term had expired by limitation and one had not. Subsequently, August 29, 1913, the lessee tendered rent, in the amounts fixed by the leases, for the quarter year ending October 22 and November 27, 1913, to a clerk in a local freight office of the railroad company, and it was accepted by the clerk. As business was then carried on, this clerk received bills for all rentals from the superintendents. The superintendents had been instructed not to make any bills. No further instructions had been given. No bills were rendered to the defendant, who, however, tendered the money to a clerk, who received it. It is not, perhaps, clear when it was first brought to the attention of *any one* in authority that this money had been tendered and received. The division freight agent, Sullivan, learned about it October 17, 1913. Before Mr. Sullivan knew about it, he had several conferences with a representa-

tive of defendant, in which he told the said representative that the Wabash Railroad Company wanted possession of the premises. He was informed that possession would be refused. In some or all of these conferences defendant was seeking a renewal of its leases, or the creation of a new term. Checks for another quarter's rent were tendered by defendant on October 13, 1913, and were returned to it. A second notice to quit was served on defendant October 21, 1913, reading:

"The leases entered into by the Wabash Railroad Company with C. F. Lane, covering two parcels of land at Delray, expired on July 22d for one parcel and August 27th for another parcel. By letter dated August 16th, delivered to you on August 20th, we notified you that we expected possession of these premises, the leases for same having expired. Thereafter, one of our clerks, under misapprehension accepted rent from you for these premises for a period of three months in each case, ending respectively Oct. 22d and Nov. 27, 1913. We now notify you that we elect to cancel the two leases given by us to C. F. Lane, taken over by you, and that you are required to deliver to us possession of the premises covered by said leases, on November 28th, 1913.

"Your checks of October 13, 1913, Nos. 2275 and 2276 for $26.50 and $31.25, respectively, are returned herewith"

—and signed:

"FREDERIC A. DELANO, WILLIAM K. BIXBY, EDWARD B. PRYOR, Receivers.
"THE WABASH RAILROAD COMPANY, by J. A. SULLIVAN, Division Freight Agent."

Defendant refusing to deliver possession, an action was begun before a circuit court commissioner December 6, 1913. Judgment for plaintiffs was rendered December 17, 1913. Defendant appealed to the circuit court, where there was a trial with a jury and a verdict and judgment for plaintiffs. At the trial no

testimony was offered by defendant, who saved various exceptions, assigned errors, and presents in this court the questions:

"1. Whether there is any competent evidence of the authority of the agent, Sullivan, to give the notice of October 21, 1913.

"2. Whether the circuit court had jurisdiction of the subject-matter of the suit.

"3. Whether the suit could be maintained in the absence of a showing that the suit is necessary in the opinion of the receivers, as contemplated by the terms of the order of their appointment.

"4. Whether by reason of the situation of the parties after the first notice and before the second notice, the defendant did not become a tenant at sufferance and therefore entitled to a three months' notice under the statute.

"5. Whether the plaintiffs, by their proofs, made out such a case as entitled them to the direction of a verdict in their favor by the court."

OSTRANDER, J. (*after stating the facts*). I have searched the record in vain for evidence of the right of defendant, appellant, to occupy the premises after the expiration of the terms created by the leases. Nothing is clearer than that the occupancy which was continued was in opposition to the expressed will of the landlord. In the face of refusals to create a new term, while unlawfully holding the premises, after the expiration of both terms, defendant tendered, and a servant of the landlord, inadvertently and without authority, received, money equal in amount to a quarter's rent. Knowledge of this payment appears not to have been brought home to any one in authority in the premises until the quarterly period was nearly ended. The money was not returned to defendant. There is no other act, or failure to act, which can be pointed out as creating any right of defendant to continue in possession. It is inferred that the pur-

pose of defendant in making the payment was surreptitiously to acquire a position of apparent right. No notice was required, upon the expiration of the terms, to entitle plaintiff to possession of the premises. However, one was given, and the position of plaintiffs as expressed therein was not thereafter changed. On October 21, 1913, another formal notice was served. It repeated, merely, the conclusions stated in the earlier notice, and was in accord with oral communications repeated during the interval. It is therefore not upon a question of the authority of the persons signing these notices so much as a question of a showing of any right on the part of defendant to occupy the premises that the validity of the judgment depends. Apparently, it was in this view of the case that the circuit judge advised the jury there was no question for them to determine and directed a verdict for plaintiffs. He committed no error in so doing.

Assuming the plaintiffs are entitled to possession of the premises, no reason is given for refusing them the right to proceed in the courts of the State to recover possession. There is attempted no interference by the State court with the jurisdiction of the Federal court over property in the hands of its receivers, or with funds in the control of the Federal court. Defendant's right while it continued was a contract right, respected by the Federal court and by its receivers. When this right expired, the right of the receivers to possess and deal with the property accrued. In face of an unlawful detention they needed a remedy. They have ratified the proceeding in the State court which their agent instituted. In principle, the case cannot be distinguished from an action of replevin.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.